UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jerry T. Moorehead, *a/k/a Jerry Moorehead*, <br><br> Plaintiff, <br><br> v. <br><br> Amy Story, <br><br> Defendant. | C/A No. 6:16-cv-03403-BHH-KFM <br><br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff, proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. The plaintiff is an inmate at Kirkland Correctional Institution ("Kirkland"), part of the South Carolina Department of Corrections ("SCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

The plaintiff alleges that the defendant is a lieutenant at Kirkland. He states that on September 20, 2016, at approximately 8:30 a.m., the defendant pulled him out of the line to watch a video, called him a "cripple," and told him he should have "kept [his] black cripple ass at home" (*id.* at 5). The plaintiff contends that the defendant stated that he was spreading H.I.V. and told another inmate that the plaintiff was trouble (*id.* at 5–6). The plaintiff alleges that his progress was set back because he was not allowed to watch the video (*id.* at 5). He states that the defendant discriminated against him on the basis of his disability, in violation of the Americans with Disabilities Act ("ADA"). The plaintiff further states that the defendant discriminated against him on the basis of race and that he was subjected to intentional infliction of emotional distress, resulting in anxiety and hopelessness (*id.* at 6–7).

The plaintiff requests that the defendant be suspended for six months and demoted (*id.* at 6). He seeks $2,000 for emotional damage (*id.*).

## **DISCUSSION**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Slat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case. *Hughes v. Bowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679–679 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

The complaint is subject to summary dismissal because the plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Section 1997e(a) of the PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). The exhaustion requirements of the PLRA also apply to a prisoner's claims under the ADA. *See Toscani v. Litton*, C/A No. 8:11-3171-RBH-JDA, 2012 WL 7060753, at *6 (D.S.C. June 29, 2012) (PLRA exhaustion required for ADA claims), *adopted by* 2013 WL 523097 (D.S.C. Feb.12, 2013). The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). An inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002); *see also White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (upholding dismissal of an inmate's complaint because the inmate failed to proceed beyond the first step in the administrative grievance process); *but see, Jones*, 549 U.S. at 219–24 (rejecting "total exhaustion rule" and holding that when presented with a complaint containing exhausted and unexhausted claims, courts should "proceed[ ] with the good and leave[ ] the bad"). Exhaustion is a prerequisite to suit that

3

must be completed prior to filing an action. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005). While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity, *Jones*, 549 U.S. at 216, if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate, *Anderson*, 407 F.3d at 683.

Here, a plain reading of the complaint shows that the plaintiff did not properly exhaust his available administrative remedies prior to filing this action. The plaintiff alleges that the events giving rise to this action occurred on September 20, 2016 (doc. 1 at 5). The plaintiff filed a grievance pertaining to the issues raised in the complaint; however, before he received a response to his grievance, the plaintiff signed this complaint on October 10, 2016, and filed it in this court on October 11, 2016 (*id.* at 8, 12).[1] The plaintiff indicates that he did not receive a final answer to his grievance prior to filing the complaint (doc. 1 at 8). He states that he did not complete the grievance procedure because he did not receive a response (*id.*); however, the fact that the plaintiff did not receive a response within 20 of the incident does not relieve him of his responsibility to exhaust his administrative remedies.[2]

---

[1] A prisoner's pleading is considered filed at moment of delivery to prison authorities for forwarding to court. *Houston v. Lack*, 487 U.S. 266 (1988); *see also* Doc. 1-1 at 1.

[2] This court can take judicial notice from previous cases filed in this District that, in order to properly exhaust administrative remedies under the SCDC Grievance Procedure, an inmate must first attempt to resolve the issue through an informal resolution by submitting a Request to Staff Member Form. If this is unsuccessful, the inmate must submit a Step 1 Grievance form. If the inmate is then not satisfied with the result of his Step 1 grievance, he can appeal by submitting a Step 2 grievance form. The response to the inmate's Step 2 grievance is generally the final agency decision on the issue for exhaustion purposes, although in some cases a further appeal to the South Carolina Administrative Law Court is required before exhaustion is complete. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970) (a federal court may take judicial notice of the contents of its own records); *see also Folk v. Sterling*, C/A No. 9:14-cv-3758-DNC, 2015 WL 4457148, at *6, n. 5 (D.S.C. July 20, 2015). "[I]n most instances, grievances will be processed from initiation to final disposition within 171 days except where the Branch Chief/Designee, Inmate Grievance Branch, specifically agrees to a request for an extension. *Asbury v. Tartarsky*, No. 8:13-cv-3364-RMG, 2015 WL 1120081, at *13 (D.S.C. Mar. 12, 2015).

*See Malik v. Ward*, No. 8:08-cv-1886-RBH-BHH, 2010 WL 1010023, at *6 (D.S.C. Feb. 4, 2010) ("Failure to exhaust all levels of administrative review is not 'proper exhaustion' and will bar actions filed by inmates under any federal law, including § 1983."); *Nally v. King*, 2013 WL 594709, at * 3 (N.D.W.Va. Jan. 3, 2013) ("Failure to receive a response is not an excuse for not moving to the next level of the grievance procedure"), *adopted by* 2013 WL 593448 (N.D.W.Va. Feb. 15, 2013); *Jordan v. Miami-Dade Cty.*, 439 F.Supp.2d 1237, 1241–42 (S.D. Fla. July 13, 2006) (holding that remedies are not exhausted where an inmate did not appeal a denial); *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001) (finding that exhaustion is required even though plaintiff claimed futility).

Thus, it is clear from the face of the complaint that the plaintiff filed this action prematurely, before he exhausted his administrative remedies, and the plaintiff's claims are subject to summary dismissal. *See Cabbagestalk v. Terry,* C/A No. 3:11-508-TMC-JRM, 2012 WL 465003, at *6 (D.S.C. Jan. 17, 2012) (collecting cases) ("A prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation."), *adopted by* 2012 WL 464915 (D.S.C. Feb. 13, 2012).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action *without prejudice*. The plaintiff's attention is directed to the important notice on the next page.

s/Kevin F. McDonald

Kevin F. McDonald
United States Magistrate Judge

November 9, 2016
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).