IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry T. Moorehead, <br> *a/k/a Jerry Moorehead*, <br> <br> Plaintiff, <br> <br> v. <br> <br> Amy Story; <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 6:16-3403-BHH <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) |

This matter is before the Court upon Plaintiff Jerry T. Moorehead's pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff raises various claims of discrimination related to his incarceration. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On November 9, 2016, Magistrate Judge Kevin F. McDonald issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court dismiss this action without prejudice based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this case should be dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 9) and dismisses this matter without prejudice based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

December 7, 2016
Charleston, South Carolina